FILED
SUPERIOR COURT
OF GUAM

2014 AUG 18 AM 10: 20

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | **CRIMINAL CASE NO. CF0646-13** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| | ) | |
| JESSE JAMES FEJERANG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's Motion to Reconsider was taken under advisement by the Honorable Judge Michael J. Bordallo on June 18, 2014. Defendant is represented by attorney William Pole. The People of Guam are represented by Assistant Attorney General Gerald L. Henderson. Having considered the papers, pleadings and file herein, the Court now enters an order DENYING Defendant's motion to reconsider.

## BACKGROUND

The Defendant Fejerang was indicted December 3, 2013 on three charges: 1) Complicity to Commit Second Degree Robbery, as a 2nd Degree Felony, 2) Third Degree Robbery, as a 3rd Degree Felony, and 3) Assault, as a Misdemeanor.

On May 8, 2014, Defendant filed a motion to reconsider, pursuant to rule 1.1(d) of the Local Rules of the Superior Court. Mot. at 1. Citing this rule Defendant argues that the Guam Supreme Court's April 24, 2014 decision in *People v. Torres*, 2014 Guam 8, supports his position that the indictment is defective on all counts. *Id.* In support of his argument Defendant cites to and quotes several scattered portions of the *Torres* opinion. Defendant argues that *Torres* now requires that all indictments contain specific facts to support their charges; that an indictment fails when it just rewrites the general language of the statue. *Id.* at 2. Without any specific reference to or analysis of the instant indictment Defendant asserts that it similarly fails.

The People filed its opposition on June 4, 2014. Opp. at 1. In it the People, highlight that the Guam Supreme Court *Torres* did not invalidate the entire indictment but rather one count. *Id.* Citing *Torres,* the People dispute Defendant's interpretation and argue that an indictment which tracks the language of a statute is sufficient when it unambiguously sets forth all the elements of the offense. *Id.* at 2. Distinguishing the charges in the instant indictment from the second charge in *Torres,* the People argue they adequately state all elements and so survive Defendant's challenge. *Id.* at 3.

On June 12, 2014, Defendant filed its reply. Reply at 1. In it Defendant disputes the adequacy of the People's arguments as well as their reasonableness. *Id.* Defendant re-asserts that *Torres* requires that indictments must contain the facts that constitute the alleged charge. *Id.* at 2. Additionally Defendant complains and reasons that the People must specify and choose whether he is being charged with attempted assault or reckless assault, the theories, defenses and preparations being significantly inconsistent and thus vague. *Id.* at 2-3.

## DISCUSSION

I. Moving Sufficiency

A motion for reconsideration or renewal serves a limited purpose as it is not an appeal. Federal law restricts reconsideration to those motions that present compelling reasons, such as a change in the law which reveals that an earlier ruling was erroneous." *U.S. v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010). This is because a motion for reconsideration does not exist to "secure a rehearing on the merits with regard to issues already decided." *U.S. v. Demosthene*, 326 F.Supp.2d 531, 534 (S.D.N.Y. 2004). Guam law follows similar logic by making explicit the fact that, "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Super. Ct. of Guam Rule CVR 7.1 (i); CR 1.1(d). Local rule 1.1(d) further provides,

A motion may be renewed only on the grounds of

(1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Super. Ct. of Guam Rule CR 1.1(d). Under this rule a movant carries the burden of first showing a difference in the law which is materially different from that presented, second a movant must assert facts which could support a finding that through reasonable diligence could not have been known to the moving party before or at the time of this decision. *Id.* While Defendant cites the appropriate rule and standard, a review of Defendant's motion reveals an absence of any analysis or assertions of fact which might support the appropriate finding. Mot. at 1-2.

II. Materiality and Indictment Sufficiency

After a review of the Guam Supreme Court's decision in *People v. Torres*, the Court is not persuaded it marks a material shift or difference in the applicable indictment sufficiency standards of review on Guam. *Torres*, 2014 Guam 8 ¶¶ 19-34. As explained by the Court in its opening paragraphs, "[i]It is well established . . . . [a]n indictment which tracks the words of the statute charging the offense "is sufficient as long as the words unambiguously set forth all the elements of the offense." *Id.* at ¶ 20, citing, *People v. Jones*, 2006 Guam 13 ¶ 23. As explained by *Torres*, because the People, in their second charge, did not reference a statute which specified the element of assault, thus meeting this first contingency, the indictment was required to contain facts which would satisfy those elements. *Id.* at 27-28.

In this case the Defendant skips the first contingent test of *Torres* and argues that all indictments must contain the facts that constitute the alleged charge regardless of whether they unambiguously set forth all the elements of the offense. Reply at 2. The Court is not persuaded that *Torres* has made this material shift. *Torres*, 2014 Guam 8 ¶¶ 19-34. Defendant's additional arguments, raised for the first time in his reply, are similarly flawed.

## CONCLUSION

For the foregoing reasons the Defendant's motion is DENIED.

**SO ORDERED** this _18_ of ___Aug.___ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM